UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------- x

GALICORP, LTD.,                                     07 CV 7814 (RMB)(KNF)

                                    Plaintiff,      **AMENDED ANSWER**
                                                    **WITH COUNTERCLAIM**

            -against-
                                                    **WITH JURY DEMAND**

BORDER ENTERPRISES, LLC, ROBERT
BIGGIO and DERMOT O'KEEFE,

                                    Defendants.

------------------------------------------------------------------- x


        Defendants, by their counsel Barry M. Viuker of the law firm of Morris Duffy Alonso & Faley

answer the complaint as follows.

        1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph "1".

        2.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph "2".

        3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph "3".

        4.   Admit the allegations in paragraph "4".

        5.   Admit the allegations in paragraph "5".

        6.   Admit the allegations in paragraph "6"

        7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph "7"

8.   Deny the allegations in paragraph "8".

9.   Deny the allegations in paragraph "9".

10.   Deny the allegations in paragraph "10" as to defendants Biggio and O'Keefe and admit as to Borders Enterprises.

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11".

12.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12".

13.   Deny the allegations in paragraph "13".

14.   Admit the allegations in paragraph "14".

15.   Deny the allegations in paragraph "15".

16.   Deny the allegations in paragraph "16".

17.   Deny the allegations in paragraph "17" except admit an agreement was signed called the "End User License Agreement" which speaks for itself..

18.   Deny the allegations in paragraph "18".

19.   Deny the allegations in paragraph "19" (first paragraph so designated) except admit that defendants reviewed the License Agreement with an attorney.

20.   Deny the allegations in paragraph "20" (first paragraph so designated)..

19.   Deny the allegations in paragraph "19" (second  paragraph so designated)..

20.   Deny the allegations in paragraph "20" (second paragraph so designated)..

21.   Deny the allegations in paragraph "21".

22.   Deny the allegations in paragraph "22"..

## ANSWERING FIRST COUNT

23.  Repeat and reallege each and every response set forth in paragraphs "1" through "22" of this answer as if fully set forth at herein. as Answer to Paragraph "23".

24.    Deny the allegations in paragraph "24".

## ANSWERING SECOND COUNT

25.  Repeat and reallege each and every response set forth in paragraphs "1" through "24" of this answer as if fully set forth at herein. as Answer to Paragraph "25"

.   26.    Deny the allegations in paragraph "26"

## ANSWERING THIRD COUNT

27.  Repeat and reallege each and every response set forth in paragraphs "1" through "26" of this answer as if fully set forth at herein. as Answer to Paragraph "27".

28.    Deny the allegations in paragraph "28"..

## AFFIRMATIVE DEFENSES

A..    The Complaint fails to state a claim upon which relief may be granted.

B.    The Court lacks personal jurisdiction over the defendant.

C.    This district is not the proper venue for this action.

D.    The Complaint is constructed upon false premises regarding the nature and details of the computer technology and the nature and extent of the business relationship and dealings among plaintiff and answering defendants.

E.    Plaintiff's action is barred by the Statute of Frauds.

F.    The parties never achieved a meeting of the minds as to material elements of the relationship, and, therefore, no contractual relationship was formed.

G.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

H.    Plaintiff failed to mitigate its damages.

I.    Plaintiff will be unjustly enriched if it is permitted to recover any sums alleged in the Complaint.

J.    Plaintiff's losses, if any, are so speculative and uncertain that they are not compensable.

K.    At all times, defendants acted in good faith and in the lawful exercise of their legitimate rights in connection with all matters alleged in the Complaint.

L.   Defendants reserve the right to add new affirmative defenses that discovery in this matter may reveal.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A COUNTERCLAIM AGAINST THE
PLAINTIFF, GALICORP. LTD., DEFENDANTS
ALLEGE AS FOLLOWS:**

29. Plaintiff and defendant Border Enterprises, LLC entered into a contract on or about April 19, 2005.

30.   .That contract was set forth in writing in an agreement called "End User License Agreement".

31.   Pursuant to the "End User License Agreement", plaintiff agreed to complete phase I  for $10,000.

32.   Plaintiff never completed phase I.

33.   Defendant Bender Enterprises, LLC made payments to plaintiff as follows:

| | |
|---|---|
| May 1, 2007 | $3000 |
| May 17, 2007 | $7000. |
| June 12, 2007 | $7000 |
| June 26, 2007 | $6000 |
| July 27, 2007 | $8000 |

34.   Plaintiff in July and August 2007 began asserting that he had a right to a percentage of sales of the Planroom Pro software.

35.  Defendant Border Enterprises, LLC never agreed to give plaintiff any percentage of the sales of the Planroom Pro software..

36.    In August of 2007 defendant changed the password to Border Enterprise LLC server.

37.    On or about August 29, 2007 plaintiff stopped working on Phase I and stopped working on Phase II.   .

38.  Plaintif's actions constitute a breach of contract of the End User License Agreements, Exhibit B, Project phase I

39.   Defendant Border Enterprises, LLC also seeks a set-off of the damages caused by plaintiff's breach of contract.

40.  Plaintiff's breach of contract has caused defendant Border Enterprises, LLC a .loss of $60,000.

**WHEREFORE**, defendant Border Enterprises LLC seeks judgment against Galicorp. LTD for $60,000 together with interest and costs.

Dated: New York, New York
January 24, 2008

_____/s/_____
BARRY M. VIUKER
Morris Duffy Alonso & Faley
Attorneys for defendant
2 Rector Street, 22nd Floor
New York, New York 10006
(212) 766-1888

To:    Gerald A. Bunting (Via ECF and regular mail))
       The Law Offices of Gerald A. Bunting
       11 West 42nd Street - Suite 900
       New York, NY 10036