# THE LAW OFFICES OF
# GERALD A. BUNTING

11 West 42nd Street, Suite 900
New York, New York 10036
(212) 532-3135
(212) 768-2766 (fax)





May 2, 2008

<u>Via facsimile</u> 212-805-6717

The Chambers of the Honorable
Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10006

Re:    Galicorp v. Border Enterprises, LLC, et al. Case # 07 CV 7814

Dear Judge Berman:

      This office represents the plaintiff in the above-captioned matter. We were just notified that defendants' counsel is requesting a pre-motion conference. Apparently, counsel believes that there is a basis for a Rule 56 motion for summary judgment.

      Let this letter serve as plaintiff's formal objection to this request. Contrary to counsel's assertions there is no basis for a summary judgment motion. Moreover, counsel is deliberately distorting the testimony given by Mr. Galiani, the plaintiff's principal, at his deposition last week.

      This is an action for, *inter alia*, breach of contract and a permanent injunction. The dispute concerns the development of a software system ("PlanRoomPro") designed and built by plaintiff. There was both a written and verbal agreement between the parties that was most definitely complete in so far as the essential terms were concerned. Pursuant to the written license agreement, plaintiff was to own the software which defendants have stolen. There is no question a breach occurred.

      The real basis of defendants' request is that they do not want to appear for depositions. I have made numerous requests to defendant's counsel, both in writing and in face-to-face meetings, and he has refused each request. This is all part and parcel of a course of frivolous conduct on the part of defendants. I annex hereto a recent letter from this office to defendants' counsel that tried to amicably resolve these frustrating actions. This letter details defendants' nonsensical conduct over the past few months, including counsel's apparent inability to access digital data provided to him on a compact disk. Instead of a response to our letter, defendants instead seek a conference. Although we did not copy Magistrate Fox on that letter of April 30, 2008, I am attaching it hereto so the court will better understand plaintiff's position.

There is a settlement conference scheduled for May 19, 2008. If defendants refuse to appear for a deposition before that date, this office will itself request a conference to discuss an application for sanctions.

Once again, there is no basis for a pre-motion conference. If any motion needs to be made in this matter, it is plaintiff's motion to compel discovery.

Very truly yours,

Gerald A. Bunting

cc:

Barry M. Viuker, Esq.
Morris Duffy Alonso & Faley
2 Rector Street
New York, NY 10006
via facsimile (212) 766-3252

w/o attachment

> This all sounds like posturing by both sides. Work on settlement prior to 5/19 conference + come seriously most prepared. Take up discovery issues with Mag. Judge + see rules re: summary judgment coming after discovery, not now.
>
> SO ORDERED:
> Date: 5/6/08
> Richard A. Berman
> Richard M. Berman, U.S.D.J.

# THE LAW OFFICES OF
# GERALD A. BUNTING

11 West 42nd Street, Suite 900
New York, New York 10036
(212) 532-3135
(212) 768-2766 (fax)

April 30, 2008

VIA FACSIMILE

Morris Duffy Alonso & Faley
Attn: Barry M. Viuker, Esq.
Two Rector Street
New York, NY 10006

      Re:    Galicorp v. Border Enterprises, LLC, et al, Case # 07 CV 7814

Dear Mr. Viuker:

      I am in receipt of your e-mail from earlier today and, frankly, I am rather frustrated. Due to the manner in which you have conducted yourself to date I have no alternative but to write this letter and set the record straight.

      This office provided you responses to defendant's discovery demands several months ago. Those records, which were all digital in nature (and never on paper stock), were provided in the format in which they were maintained and which could be opened in Microsoft Outlook (2003 Edition). Thereafter and at your request, several additional copies of that disk were provided to you so that you could share them with your clients. I note that anyone in your office, including yourself, could easily have made those copies for you.

      For several weeks you have protested that you are unable to access the disk because you do not have Microsoft Outlook on your desktop. I have tried repeatedly to assist you. I asked you several weeks ago what operating system you were currently using. Your response to me was: "I don't know what operating system I have on my computer" or words to that effect. Since this case involves a dispute over a software venture I found that response to be a bit odd. You cannot possibly be using DOS. Nonetheless, I have continued to try and assist you.

      I attempted to purchase a copy of Microsoft Outlook (2003 Edition) for you. Although the on-line vendor was happy to debit my account in that transaction, they did not deliver the software because I was unable to provide them with the license code I was currently holding on my office desktop (using VISTA). You were fully briefed on all these developments. Please note that I have not received a refund.

      I thereafter delivered to you my old disk for Microsoft Office 2003 which contains Microsoft Outlook.. On Friday, April 25, 2008 my client and I appeared for a deposition at your office. At the start of the deposition you indicated that you were having difficulty installing Microsoft Office 2003.

      At the conclusion of Mr. Galiani's deposition, my client and I entered your

private office to see if we could assist you with your software problem. At that time it was discovered that you were using "Microsoft Office 2000." Please be advised that "Microsoft Office 2000" is, in fact, your version of "Office." Installation of Microsoft Office 2003 on a system running Microsoft Office 2000 is a painless affair compared to the ghastly days of Microsoft Windows '98 (2nd Edition). Indeed, the only real concern is whether you have sufficient (computer) memory. Nonetheless, you then stated that you did not wish to install Microsoft Office 2003 because you were concerned that you might lose some files on your desktop. My client and I erred on the side of excessive caution and agreed with you.

      My client Mr. Galiani then stated that he would "attempt" to see if he could find a "converter" or some software solution to enable you upgrade your Microsoft Office 2000 to enable installation of only the Microsoft Outlook 2003 that is bundled as part of the Microsoft Office 2003 disk. At no time did my client guarantee, promise, swear, or otherwise commit himself to solve your problem. Your e-mail from earlier today is out of line but totally in line with the conduct you have exhibited from the start.

      My client informs me that he was able to find a converter, but that it would cost him approximately $50. ( http://www.aid4mail.com/order.php) At this juncture, I am afraid I have to draw a line. The Federal Rules do not require a party to take all the steps that so far have been taken to assist you. Neither the Federal Rules, the local rules, nor even the CPLR require us to purchase software for an adversary, particularly something as basic as a system that was in common use by the profession five (5) years ago.

      Your clients Robert Biggio and Dermott O'Keeffe have styled themselves as software executives with some sort of expertise in this field. Since they were present at the deposition on Friday I am baffled why you did not ask them to resolve your problem. Moreover, you have made several requests to the court to direct me to "print-out" the thousands of pages of digital information that was provided to you. Why haven't you asked your clients to do this? I made extra disks for you to give to them. Surely, as "software executives" they would have been able to place the disk in one of their drives, click on the "Microsoft Outlook" icon, enter the password ('gerry") and review and print documents to their hearts delight.

      Since the start of this action I have extended every courtesy to you, but have found a disturbing lack of reciprocity. I believe you need to be reminded of several things:

1.    You asked several times if this matter could be settled. Specifically, you asked if the "deal" between the plaintiff and the defendants could be put back together. Because of your injury, I traveled to your office to meet with you in person. At that time I suggested several possible arrangements. You rejected them all out of hand. You made absolutely no suggestions or offers of any kind. Such conduct is not in good faith and my time spent meeting you was an utter waste.

2.    You telephoned me to ask what dollar amount my client would accept to end this dispute. I provided you with a general idea. You never made an offer of your own. You were merely wasting my time.

3.    I do not like to litigate for the sake of litigation and do not like to prepare endless streams of paper when things may be arranged amicably. I do not like to bother the court with motions, endless letters and whining phone calls. To that end, I have made repeated requests to you to take your clients' depositions. I have told you that I will accommodate them as they will be traveling from out of town. You have pointedly refused to provide a single date for their

appearance.

4.  At Mr. Galiani's deposition last week you suddenly suggested that I depose your clients right then and there. Since I was not aware that they would be in attendance and since I had no idea of how long you would be taking with Mr. Galiani, I could not accept this abrupt offer. I then asked when they would be available, and you refused to respond. I note that your deposition of Mr. Galiani lasted until mid-Friday afternoon, so your offer was, either intentionally or unintentionally, meaningless.

5.  You requested an early settlement conference with the court and I foolishly agreed and made myself available for that time. After taking my client's deposition and after refusing to produce your clients at a proper time, you then contacted the court and requested that the conference be cancelled and that you apparently want to make a motion to dismiss. This is all in bad faith.

Mr. Viuker, I try very hard not to allow litigation to become acrimonious between the parties and between adversaries. As attorneys we very often have to balance numerous clients, schedules and workloads and we all have our own "style" as it were. I have tried to keep things cordial with you, but you must be aware that your passive-aggressive approach is not going to help.

Your clients entered into an agreement with my client to have Galicorp, Ltd. produce a software system at a cost well below market rate. The written portion of the agreement clearly stated that any software developed would be owned by Galicorp, Ltd. with your clients receiving a perpetual license. In exchange for my client producing PlanRoomPro at below cost there was to be a profit sharing arrangement, the details of which were largely agreed-upon. This sort agreement is not uncommon in the industry. My client, who normally bills at $125 an hour received minimum wage for his efforts. The disk that was provided to you contains the e-mail exchanges that demonstrate the "meeting of the minds" between the parties. (I note that this is what you focused on at the deposition). The agreement between the parties was terminated when your clients obtained new counsel, Gary Smith, Esq., who instructed them to demand outright ownership of not only the software, PlanRoomPro, but also the underlying source-code and further to lock out my client from the hosting server. I had numerous conversations with Mr. Smith and am fully aware of what took place.

The reason I recite these facts is because I have received information that your clients, without my client's knowledge, contracted to sell a version of the PlanRoomPro system to Jones Lang LaSalle, LLC, a construction firm that operates worldwide. As part of that contemplated transaction, your clients represented that they "owned" the "PlanRoomPro" system outright.

There is a court-order for discovery and I do not wish to have to make an application to compel your clients' depositions. As it stands, there is no basis for anyone to make a dispositive motion in this case.

Please let me know when your clients will be available for a deposition in the next two (2) weeks. I would even be willing to take their depositions just before the court-ordered settlement conference when your clients will already be in New York. This is the last time I will make a written request for this common courtesy. The next time will be by way of motion.

Please also be advised that we will be serving a subpoena on Peter Johnson at

Jones Lang LaSalle to obtain information regarding the representations made by your clients concerning "PlanRoomPro." We will also be serving a subpoena on Mr. Biggio's employer, the Massachusetts Eye and Ear Infirmary located at 243 Charles Street, Boston, Massachusetts. Since Mr. Biggio operated Border Enterprises, LLC out of his place of regular employment, the purpose of this subpoena will be to obtain copies of Mr. Biggio's e-mail correspondence sent out from that location.

I had truly hoped that this matter could be resolved amicably, but the course you are pursuing indicates that my aspirations were illusory. I suggest that you make your clients available forthwith and that everyone be reasonable when we meet in court at the regularly scheduled conference on May 19, 2008. *I have no wish for this matter to escalate further and for that reason and out of good faith and respect I am not copying the court on this letter.* Indeed, I doubt very much that the court will want to hear further tales of software woe and suggest you upgrade to at least Office 2003. The disk is still available for you. *However, if you insist on once again making inaccurate complaints to the court I will include this letter in the appropriate application and make them aware of all that has transpired.*

On a final note, we will vigorously oppose any attempt to seek a pre-motion conference when you have refused to make your clients available.

Please note that I will be out of the office all day Thursday and most of Friday on a site inspection in Greene County and will not be reachable by cell phone or e-mail during business hours. If you wish to discuss these matters further, please contact me by e-mail and suggest a time. Please don't take this letter as a threat but rather as an expression of frustration.

Very truly yours,

Gerald A. Bunting